UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD MORENS,

        Petitioner,

v.                                                                                    Case No. 15-C-0959

MICHAEL MEISNER,

        Respondent.

**DECISION AND ORDER DENYING PETITION FOR RELIEF UNDER 28 U.S.C. § 2254**

This is an action for federal habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Richard Lee Morens was convicted in Milwaukee County Circuit Court of one count of possession with intent to distribute more than 50 grams of heroin, one count of possession with intent to distribute more than 40 grams of cocaine, and six counts of felon in possession of a firearm. He was sentenced to 18.5 years of initial confinement and 13.5 years of extended supervision. He is currently incarcerated at Redgranite Correctional Institution.

Morens filed a petition for federal relief from his state conviction on August 11, 2015. In its screening order issued September 4, 2015, the court allowed Morens to proceed on three claims: (1) improper joinder of charges, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel. The case is now before the court for resolution. For the reasons discussed herein, Morens' petition will be denied and the case dismissed.

## BACKGROUND

The Milwaukee Police Department conducted surveillance of 4369 North 19th Street for several days. (ECF No. 10-5 at 2.) During that time, Morens was seen using a key to enter and exit

the residence approximately twelve times. (ECF No. 10-3 at 16.) Police initially detained Morens during a traffic stop. At first, Morens denied living at the residence but, after learning of the surveillance, admitted living at the home. (*Id.*) Officers found a small amount of marijuana in Morens' car, and Morens indicated there was more at the residence. (*Id.*) The officers obtained a search warrant for the house, and in executing the warrant, found a "secret compartment" in a closet next to Morens' bedroom. (*Id.* at 16–17.) Police uncovered a yellow vinyl bag containing 97 grams of heroin and 126 grams of cocaine, a shaving bag containing $6,352 in cash, and a dust mask. (*Id.*) The dust mask, according to testimony introduced at trial, was used when "cutting" or diluting the drug with another substance to increase the volume. Police also found five guns in the hidden compartment and one gun in the kitchen. Many of the items discovered were tested for the presence of DNA. Though testing revealed DNA from multiple sources, Morens' DNA was on the dust mask and the bag containing the cocaine and heroin. (ECF No. 10-5 at 2.)

Morens was charged in an amended information with a total of eight counts: one count of possession with intent to deliver more than fifty grams of heroin, one count of possession with intent to deliver more than forty grams of cocaine, and six counts of possession of a firearm by a felon. (*Id.* at 2–3.) Morens moved to sever the drug charges from the weapons charges. Initially, the circuit court granted the motion, but after the State moved for reconsideration, the court concluded the charges would be tried together. (ECF No. 10-17.)

At trial, the court instructed the jury on each element it was required to find for the drug offenses and then for the gun offenses. (ECF No. 10-18.) The trial court told the jury that to find Morens guilty of the gun offenses, the State had to prove two elements: (1) that Morens possessed a firearm and (2) that he had previously been convicted of a felony. (*Id.* at 14–15.) The court noted

2

that the parties stipulated to the fact that "[t]he defendant, Richard Morens, was convicted of a felony before September 14 of 2008." (*Id.* at 17.) Morens was convicted of all eight counts on September 17, 2008. (ECF No. 10-18.)

On direct appeal, Morens argued his trial counsel was ineffective because they failed to call two witnesses, Ernette Griggs and Maurice Sanders, who would have supported the defense's "party house" theory. (ECF No. 10-2.) The defense argued that while Morens lived at the residence, he did not live alone, many people frequented the house, and the drugs belonged to someone else. On November 22, 2011, the Wisconsin Court of Appeals affirmed Morens' conviction. (ECF No. 10-5.) The Court of Appeals concluded trial counsel was not ineffective because counsel made a reasonable, strategic choice in not calling the potential witnesses. (*Id.* at 7–9.) On April 23, 2012, the Wisconsin Supreme Court denied Morens' petition for review. (ECF No. 10-8.)

On July 15, 2013, Morens filed for postconviction relief arguing that the drug and gun charges were improperly joined, that trial counsel were ineffective for failing to request a limiting instruction neutralizing Morens' status as a felon, that trial counsel were ineffective for not objecting to expert opinion testimony, and that appellate counsel was ineffective for failing to raise those issues on direct appeal. The trial court denied Morens' motion for postconviction relief and the Court of Appeals affirmed the decision. (ECF No. 10-12.) As to joinder, the Court of Appeals found that the drug and gun charges were properly joined because "the charged crimes stemmed from the 'same act or transaction.'" (*Id.* at 4.) The Court of Appeals further concluded the trial court properly exercised its discretion in denying Morens' motion to sever and that Morens' appellate lawyer was not ineffective for failing to raise this issue because she would be unable show that the circuit court

3

misused its discretion. (*Id.* at 6.) The Wisconsin Supreme Court denied Morens' petition for review on August 5, 2015. (ECF No. 10-15.)

## LEGAL STANDARD

Morens' petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established Federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

This is, and was meant to be, a difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be "objectively

4

unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal citation and quotation marks omitted).

## ANALYSIS

### A. Joinder of Offenses

Morens asserts that his gun charges were impermissibly joined with his drug charges. Courts liberally construe joinder rules "to promote judicial efficiency, 'limit inconvenience to witnesses, and allow the 'total story' to be presented to a single jury.'" *United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012) (quoting *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007)).

Under Wisconsin law, joinder is proper when multiple crimes are (1) of the "same or similar character;" (2) based on the "same act or transaction;" (3) based on two or more acts or transactions that are "connected together;" or (4) based on two or more acts or transactions that constitute "a common scheme or plan." Wis. Stat. § 971.12(1). The proper joinder of criminal offenses is presumptively non-prejudicial. *State v. Prescott*, 2012 WI App 136, ¶ 13, 345 Wis. 2d 313, 825 N.W.2d 515 (citing *State v. Linton*, 2010 WI App 129, ¶ 20, 329 Wis. 2d 687, 791 N.W.2d 222). To rebut the presumption, "the defendant must show substantial prejudice to his defense." *Id.* If the court is persuaded that either the defendant or the State is prejudiced by joinder, it may "order separate trials of counts." Wis. Stat. § 971.12(3).

Here, the charges were properly joined under state law because they stemmed from the "same act or transaction." In executing a search warrant on Morens' residence, police found the drugs and the guns at the same time and in the same place. The drugs and five guns were found in a hidden compartment in a hallway closet near Morens' bedroom, and a sixth gun was found in the kitchen. (ECF No. 10-3.) The gun charges are logically related to the drug charges, and it would be a waste

5

of judicial resources to conduct separate trials when the same evidence would be used for all counts. In short, joinder of the charges was proper.

Morens argues that even if joinder was proper, the court should have severed the counts to avoid prejudice. The Seventh Circuit has stated: "Trying more than one crime at the same trial is not error unless trying the crimes together renders the defendant's trial unfair and violates due process." *Willard v. Pearson*, 823 F.2d 1141, 1149 (7th Cir. 1987). To show his trial was fundamentally unfair, a defendant "must demonstrate, at a minimum, prejudice sufficient to warrant relief under Fed. R. Cr. P. 14 or its state counterpart." *Id.* It is not enough to show "that separate trials may have provided him a better opportunity for an acquittal." *Carter*, 695 F.3d at 700. Instead, he "must be able to show that the denial of severance caused him actual prejudice in that it prevented him from receiving a fair trial." *Id.* at 700–01. However, "[m]isjoinder does not ordinarily rise to the level of a constitutional violation." *United States v. Lane*, 474 U.S. 438, 461 (1986).

Morens contends that he suffered prejudice because the gun charges required that evidence of his prior felony conviction be introduced. The jury heard two references to Morens' prior conviction. First, while explaining the elements of Wis. Stat. § 941.29, the possession of a firearm statute, the court stated, "The parties have agreed that the defendant was convicted of a felony before September 14 of 2008." (ECF No. 10-17 at 15.) Second, the court instructed the jury about factual stipulations to which the parties had agreed. The parties stipulated to one fact: "The defendant, Richard Morens, was convicted of a felony before September 14 of 2008." (ECF No. 10-18 at 17.) These two references to the prior-conviction stipulation did not prejudice Morens. The jury heard no evidence concerning the nature of the prior felony or any factual details of the

6

crime. Neither the State nor the trial court suggested the prior conviction showed a predisposition to commit either the drug or gun charges. Additionally, the court did not mention the stipulation until explaining the elements of the firearm charges. By this point, the court had already described the elements the State needed to prove for the jury to find Morens guilty of the heroin and cocaine charges. "Our theory of trial relies upon the ability of a jury to follow instructions." *United States v. L'Allier*, 838 F.2d 234, 242 (7th Cir. 1988). Accordingly, the stipulation did not substantially prejudice Morens' defense. More importantly for purposes of this court's review, the Wisconsin courts' decisions denying Morens' claim that the joint trial of the separate counts deprived him of due process or a fair trial were neither contrary to, nor an unreasonable application of clearly established federal law.

**B. Ineffective Assistance of Trial Counsel**

Morens raises an ineffective assistance of trial counsel claim in his habeas petition. Ineffective assistance of counsel deprives a defendant of his Sixth Amendment right to counsel and is therefore a proper ground for relief under 28 U.S.C. § 2254. To establish ineffective assistance of counsel, a defendant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that counsel's errors affected the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

When § 2254(d) applies, however, the court must instead determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard," not whether counsel's actions were reasonable. *Harrington*, 562 U.S. at 105. As such, rather than showing that "he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," a habeas petitioner must show that the state court applied *Strickland* in an objectively unreasonable manner.

7

*Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Judicial scrutiny of counsel's performance under the standards created by *Strickland* and § 2254(d) is "highly deferential." *Harrington*, 562 U.S. at 88. Adding AEDPA's additional deferential standard results in a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

Morens argues that trial counsel acted deficiently because counsel failed to request a limiting instruction to neutralize Morens' status as a felon. The circuit court concluded Morens' trial counsel were not ineffective because he was not prejudiced by the absence of a "limiting instruction" or "neutralizing language." (ECF No. 1-4 at 4.) As that court was the last to consider the merits of Morens' claim, this court must determine if its decision comports with § 2254(d)(1).

I note at the outset that Morens has failed to point out any decision of the United States Supreme Court, i.e, "clearly established federal law," holding that an attorney's failure to request a cautionary instruction can amount to ineffective assistance of counsel in violation of the defendant's Sixth Amendment right to counsel. Indeed, the Seventh Circuit has at least suggested the opposite in a direct appeal of a conviction even without the additional layer of AEDPA deference:

> Gregory has not brought any case to our attention suggesting that the failure to proffer a Rule 404(b) limiting instruction constitutes objectively deficient performance. Indeed, the decision not to request a limiting instruction is solidly within the accepted range of strategic tactics employed by trial lawyers in the mitigation of damning evidence. If the lawyer cannot stop the evidence from being admitted, it is perfectly rational to decide not to draw further attention to it by requesting a motion for limiting instruction. *Cf. Biggerstaff v. Clark*, 999 F.2d 1153, 1155 (7th Cir.1993) (discussing the same principle of trial practice under the Indiana Rules of Evidence).

*United States v. Gregory*, 74 F.3d 819, 823 (7th Cir. 1996). Even if such failure could amount to ineffective assistance, however, the state court's determination that it did not in this case is not

8

contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Morens argues that the court improperly analyzed his trial counsel's performance because the circuit court did not know what sort of "neutralizing language" should have been proposed. Petr.'s Br. 11. The circuit court reasoned that the court gave the jury specific instructions with regard to each element of the drug offenses. (ECF No. 1-4 at 4.) Although the trial court did not provide a limiting instruction, it clearly established the elements for all of the counts by first instructing the jury of the elements it was required to find for the drug charges, then providing the elements of the firearm charges. (*Id.*) The circuit court noted that "jurors are presumed to follow the instructions of the court." (*Id.*); *see also United States v. Linwood*, 142 F.3d 418, 426 (7th Cir. 1998) ("The Court presumes that jurors, conscious of the gravity of their task, attend closely [to] the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instruction given them."). Morens offers nothing specific to rebut that presumption, and nothing in the record shows that the jury was unwilling or unable to follow the court's instructions.

Morens also argues that the circuit court incorrectly analyzed the prejudice prong because it failed to see that Morens' status as a felon prejudiced his defense on the drug charges. Although the court never referred to Morens as a felon, he asserts that defense counsel and the trial court should have neutralized his status as a felon by stating he was convicted of a "crime punishable by more than one year," rather than a felony. Petr.'s Br. 12. The circuit court reasonably concluded that whether the jury was told Morens had been previously convicted of a felony, or whether the jury was told he was convicted of an offense punishable by more than one year in prison, was unlikely

9

to make any difference. Again, Morens cites no clearly established federal law in support of his claim to the contrary. More fundamentally, the assumption implicit in Morens argument that the jury's knowledge that he had a prior felony conviction is necessarily so prejudicial as to deny him a fair trial finds no support in the law. The fact that a defendant has previously been convicted of a felony, if not remote in time, is frequently admitted into evidence for impeachment purposes whenever the defendant takes the stand. Fed. R. Evid. 609(a)(1)(B). Were such evidence as damaging as Morens suggests, the rule would surely be otherwise. For all of these reasons I conclude that the state court's decision denying Morens' claim of ineffective assistance based on counsel's failure to request a limiting instruction fails. Morens is not entitled to federal habeas relief on that claim.

**C. Ineffective Assistance of Appellate Counsel**

Morens also raises an ineffective assistance of appellate counsel claim in his habeas petition. He argues that his appellate counsel was ineffective for failing to argue that his charges should have been severed for trial in his direct appeal and in failing to allege ineffectiveness of trial counsel for failing to request a limiting instruction concerning his prior conviction of a felony. But as explained above, both of these claims were fully addressed and rejected by the state courts in decisions that were neither contrary to, nor unreasonable applications of, clearly established federal law. It thus follows that Morens' claims of ineffective assistance of appellate counsel necessarily fail. Morens cannot establish ineffective assistance of appellate counsel for failing to pursue claims on which he would not be entitled to relief in any event. Accordingly, those claims too are dismissed.

**CONCLUSION**

Morens has failed to show that the alleged constitutional violations entitle him to relief. His petition for a writ of habeas corpus is therefore **DENIED**. The Clerk is directed to enter judgment

10

forthwith. Though I have concluded that Morens is not entitled to relief on any claim, I find that he has made a substantial showing of the violation of a constitutional right such that further review should be allowed. A certificate of appealability shall therefore issue on Petitioner's claims.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 60(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated this __4th__ day of October, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court